Livingston, J.
delivered the opinion of the court. This is a motion for a new trial for misdirection of the judge, and because of the verdict being against evidence.
The chief justice charged the jury, that if they believed the defendant held under his father, they should find for the plaintiff, which they did accordingly.
This direction and finding of the jurj were both correct.
When a person enters under another, and transfers the possession, his grantee is supposed to hold under the same title. Although the lease be expired, he will be regarded as holding by consent of the original landlord, and as his tenant at will; unless he can show that since the expiration of it, he has acquired a new title, either from, or paramount to that of the party under whom possession was *taken. Joseph Marshall, the father, it is admit- [*402] *504 ted, held under Pitch. He, therefore, under this rule, would not, on his mere possession, be permitted to prevail against the title of one, acknowledged by himself. [1] The presumption that he continued to hold under Pitch is a reasonable one, nor would it work any hardship to him, as it would not preclude him from showing a better title, when he had continued in so long after the lease' had expired. The possession, therefore, in 1774, when Joseph Marshall died, must be considered as that of Pitch. The next question relates to the proof of the present defendant holding under his father. The testimony was sufficient to go to a jury and we think they have drawn the proper conclusion.
The defendant is not only his son, but ■ the contemporaneous declarations of the vendue master and administrator, although not in the hearing of the defendant, were properly admitted, and unless the defendant produced some other title, would satisfy any reasonable mind that such was the case.
There can then, be no adverse possession; for until 1774, Joseph Marshall did not set up, for aught that appears, any title adverse to that of Pitch, and since that, time twenty years, deducting the period of the British war, have not elapsed. The rule, therefore, for a new trial must be discharged, with costs, and the plaintiffs have judgment.
New trial refused.

 See Failing v. Schenck, 3 Hill, 344; Brant v. Ogden, I J. R. 156; Jackson v. Parker, 3 J. C. 124; Jackson v. Sharp, 9 J. R. 163; Jackson v. Waters, 12 J. R. 365 ; Jackson v. Thomas, 16 J. R. 293; Jackson v. Camp, 1 Cow. 605; Jackson v. Scissam, 3 J. R. 499; Jackson v. Reynolds, and note [1] post, 444.